By the Court:
The first error relied on is, that the judgment on *361 motion, before tbe justice, was made and rendered on a day different from that stated in tbe notice. It seems that tbe motion was made on tbe 5tb of April, 1854, and tbe day fixed in tbe notice, as copied into tbe transcript, was tbe 25th day of April. To tbis objection there are several answers.
1. We must take it that tbe supposed variance is a mere clerical error in copying tbe notice: because tbe judgment of tbe circuit comt recites that tbe notice was, that tbe motion would be made on tbe 5tb day of tbe month; and that tbis is true, is placed beyond reasonable doubt, from tbe fact, that no such objection seems to have ever before been taken.
But if tbe fact were as assumed, it would, under the circumstances, constitute no ground of reversal: because tbe object of notice being merely to afford tbe officer opportunity of appearing and making bis defence, if be appear in fact and take no exception, be must be held to have waived it: such is tbe present case.
2. Tbe tender of tbe amount due on tbe execution after notice, but before judgment, is no ground of de-fence against tbe motion. Tbe failure to return within tbe time prescribed by law, fixes tbe liability of the officer, which cannot be discharged by a tender. Tbe tender in tbe present case, according to tbe proof in this record, would not have been sufficient, in a common law action, even to have stopped tbe payment of interest.
There is, therefore, no error in tbe judgment, and it will be affirmed.